**JUDGE BUCHWALD**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MED GRAIN TRADE LTD.

                                Plaintiff,       08 CV _____ (NRB)

-v-

                                             **VERIFIED COMPLAINT**

TRANS OIL INTERNATIONAL, S.A., and
TRANS OIL LTD.

                                Defendants.
------------------------------------------------------------------x

       Plaintiff, MED GRAIN TRADE LTD (hereinafter "MED GRAIN"), by its attorneys, CHALOS & CO, P.C., as and for its Verified Complaint against Defendants, TRANS OIL INTERNATIONAL, S.A. (hereinafter "TOI") and TRANS OIL LTD (hereinafter "TOL"), alleges upon information and belief as follows:

## JURISDICTION

       1.    The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

## THE PARTIES

       2.    At all times material hereto, Plaintiff, MED GRAIN, was and still is a foreign business entity.

       3.    At all times material hereto, Defendant, TOI, was and still is a foreign business entity with an office and principle place of business at 15, rue due Cendrier, Geneva, Switzerland, CH-1211.

4. At all times material hereto, Defendant, TOL, was and still is a foreign business entity with a place of business at 202 Stefan Cel Mare Str., Kentford Building-6th Floor, Chisinau, Moldova.

## FACTS AND CLAIM

5. On January 24, 2008, Plaintiff and TOI concluded a contract for services pursuant to which Plaintiff was to provide cargo handling services to Defendants in the Russian ports of Taganrog and Azov. The services to be rendered by Plaintiff included, but was not limited to unloading of rail cars, transshipment and loading of Russian wheat cargos to vessels calling at said ports.

6. The aforementioned cargo handling contract is a maritime contract.

7. Pursuant to the terms and conditions agreed between the parties, MED GRAIN and Defendants, TOI and TOL, agreed, among other things, that payment for services would be made within ten (10) days and that Plaintiff would be reimbursed its costs and expenses incurred in providing said services. All invoices received from third party vendors in the local currency (Russian Rubbles) were to be converted into US dollars at the prevailing exchange rate and promptly reimbursed by Defendants.

8. In accordance with the parties' agreement and as per the Defendants' instructions, Plaintiff, MED GRAIN, provided such services and promptly invoiced Defendant, TOI, on the following dates for the following amounts:

| Date: | Amount: |
|---|---|
| May 5, 2008 | USD 39,417.55 |
| May 19, 2008 | USD 5,407.82 |
| June 17, 2008 | USD 377.29 |

2

|  |  |
|---|---|
| June 26, 2008 | USD 185,418.69 |
| July 4, 2008  | USD   1,050.25 |
| July 10, 2008 | USD   1,700.00 |
| **TOTAL:**    | **USD 233,371.04** |

9. Defendants have received the aforementioned invoices and supporting documents, which Defendants have retained without objection or complaint.

10. Despite Plaintiff, MED GRAIN's repeated demands for payment of the aforementioned outstanding invoices, Defendants, TOI and TOL, in breach of the terms of the parties' agreement, have failed, neglected and/or otherwise refused to pay Plaintiff WSS.

11. Additionally, as per the parties' agreement, depending upon the exact nature and substance of the services provided, interest is to run either at the rate of 0.1% or 0.2% per day each.

12. To date, USD 20,268.47 in unpaid interest has accrued in Plaintiff, MED GRAIN's, favor and is continuing to accrue on a daily basis.

13. As per the agreement of the parties, controlling foreign law and/or as is customary industry practice, MED GRAIN is properly to be awarded its costs, interest and legal fees to be incurred in the prosecution of this claim, which as best as now can be estimated will be in an amount no less than USD 50,000.00.

14. Accordingly, Plaintiff's damages, as best can now be estimated, will be in an amount not less that USD 303,639.51.

15. Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendant TOI and Defendant TOL that no separation

exists between them and the corporate form of Defendant TOL has been disregarded such that Defendant TOI primarily transacted the business of Defendant TOL, and vice versa.

16. Upon information and belief, at all material times, Defendant TOI, operated in the name of Defendant TOL such that Defendant TOI was the beneficial owner of Defendant TOL.

17. Upon information and belief, TOL holds itself out as a subsidiary within the Trans Oil International network.

18. Upon information and belief, TOI and TOL are each one of several entities which is operated, controlled and managed as a single economic enterprise known as Trans Oil.

19. Upon information and belief, among the entities which comprise the Trans Oil network, including TOI and TOL, there is a commonality of control and management and an overlap of officers, directors and employees.

20. Upon information and belief, at all material times, Defendant TOI and Defendant TOL, have overlapping ownership, management, personnel and purposes such that Defendant TOI and Defendant TOL do not operate at arms length.

21. Upon information and belief, at all material times, Defendant TOI and Defendant TOL, have had common addresses, common website, common Email domain name, common contact information such that the Defendant TOI has no independent corporate identity from Defendant TOL, and vice versa.

22. Upon information and belief, at all material times, there has been an intermingling of funds between Defendant TOI and Defendant TOL.

23. Upon information and belief, TOL has regularly made payments on behalf of TOI for debts incurred by TOI, and vice versa.

24. Upon information and belief, at all material times, Defendant TOI has dominated, controlled and used Defendant TOL for its own purposes such that there is no meaningful difference between the entities.

25. Upon information and belief, at all material times, Defendant TOI has disregarded the corporate form of Defendant TOL to the extent that Defendant TOL, was actually carrying on TOL's business and operations as if the same were its own, or vice versa.

26. Upon information and belief, Defendant TOI utilizes the Defendant TOL, to transfer funds through, to and from the Southern District of New York on its behalf, and vice versa.

27. Upon information and belief, there are reasonable grounds to conclude that the Defendant TOL is the alter-ego of Defendant TOI and, therefore, Plaintiff MED GRAIN has a valid prima facie *in personam* claim against Defendant TOL based upon alter ego liability.

## BASIS FOR ATTACHMENT

28. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like

belonging to or claimed by the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

29. Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendants; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to and/or for the benefit of Defendants, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment

pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of the Defendants, up to the amount of USD 303,639.51.to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

  C. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
   August 13, 2008

             CHALOS & CO, P.C.
             Attorneys for Plaintiff
             MED GRAIN TRADE LTD

        By: _____
             George M. Chalos (GC-8693)
             123 South Street
             Oyster Bay, New York 11771
             Tel: (516) 714-4300
             Fax: (866) 702-4577
             Email: gmc@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MED GRAIN TRADE LTD.

                                              Plaintiff,      08 CV 7205 (NRB)

-v-

                                              **VERIFICATION OF COMPLAINT**

TRANS OIL INTERNATIONAL, S.A., and
TRANS OIL LTD.

                                             Defendants.
------------------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

       1.     I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, MED GRAIN TRADE LTD., herein;

       2.     I have read the foregoing Verified Complaint and know the contents thereof; and

       3.     I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

       4.     The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

       I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
       August 13, 2008

                                  CHALOS & CO, P.C.
                                  Attorneys for Plaintiff
                                  MED GRAIN TRADE LTD.

               By: _____
                                  George M. Chalos (GC-8693)
                                  123 South Street
                                  Oyster Bay, New York 11771
                                  Tel: (516) 714-4300
                                  Fax: (866) 702-4577
                                  Email: gmc@chaloslaw.com